Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2178 | **DATE** | 5/28/2002 |
| **CASE TITLE** | Rockwood Pigments, NA et al. Vs. Interstate Materials, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant moves for a stay of this litigation until those proceedings are concluded. The stay is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 29 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROCKWOOD PIGMENTS, NA, INC., and )
CHEMISCHE WERKE BROCKHUES GmBH )
& Co. KG (f/k/a CHEMISCHE WERKE )
BROCHUES AG), )
)
        Plaintiffs, )
)
vs. ) No. 02 C 2178
)
INTERSTATE MATERIALS, INC., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

The patent in this patent infringement case is before the Patent and Trademark Office (PTO) in reexamination proceedings. Defendant moves for a stay of this litigation until those proceedings are concluded. The stay is granted.

In a first reexamination proceeding the PTO examiner on March 16, 2001, determined that the "Beyn and Kneidinger alone or in view of the listed secondary references raises a substantial new question of patentability with respect to claims 1-11, which question has not been decided in a previous examination of the Jungk patent." That was followed on August 8, 2001, by a rejection of claims 1-11 (which are all the claims) "as being patentable over Beyn and Kneidinger et al. alone or in view of McMahon, Feige et al., or Rodeffer." Plaintiff thereafter asserted that Kneidinger was not prior art, "which the examiner withdrew from consideration" and, on December 27, 2001, he confirmed the claims. The second reexamination proceeding followed, and it was determined on January 17, 2002, that "[a] substantial new question of patentability, affecting claims 1-11 ... is raised by the request for

re-examination" and that Kneidinger "is available as prior art".

Plaintiff exudes confidence in the outcome of the second reexamination proceeding, emphasizes that all claims are cancelled in only 12 per cent of reexamination proceedings (an 88 per cent "clean bill of health" according to plaintiff), and contends that it will be irreparably harmed if the stay is granted. The reference to an 88 per cent clean bill of health is somewhat disingenuous, as plaintiff's data indicates that in third party requester reexaminations the claims are cancelled or at least changed 70 per cent of the time. More to the point, we are more concerned about what will happen here. It is also disingenuous to characterize the result of the first reexamination proceeding as a clean bill of health. With Kneidinger now available as prior art, the PTO examiner may well return to the position he took August 8, 2001. The second reexamination proceeding is well advanced, plaintiff can use this stay as a reason for an expeditious ruling; and if the claims are confirmed and it is determined that the patent is valid and defendant has infringed, defendant is answerable in damages.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 28, 2002.